JANE MASSE ET AL. v. MARION JONAH ET AL.

SUPERIOR COURT     MIDDLESEX COUNTY     FILE NO. 17838

Memorandum filed September 19, 1967

*Arnold M. Schwolsky,* of Hartford, for the plaintiffs.

*Cooney & Scully,* of Hartford, for the named defendant.

*Bailey & Wechsler,* and *Courtney, Mansfield, Sullivan & Ripley,* of Hartford, for the defendant Jacqueline Maheu.

PALMER, J. This is an action to recover damages for personal injuries alleged to have been caused by the negligence of the defendants. The defendant Jacqueline Maheu, hereinafter called the operator, was driving an automobile owned by the defendant Marion Jonah, hereinafter called the owner. The complaint alleges that the operator was driving "within the scope of her authority to do so as servant, agent or employee" of the owner. The owner has moved for a summary judgment on the ground that the operator "was not acting as her agent, servant or employee at the time of said accident as alleged in the complaint."

"In passing on the defendant's motion for summary judgment the trial court was limited to deciding whether an issue of fact existed, but it could not try that issue if it did exist. *Rathkopf* v. *Pearson,* 148 Conn. 260, 264 . . . ." *Associates Discount Corporation* v. *Smith's Windham Lincoln-Mercury Sales, Inc.,* 153 Conn. 176, 180; *Kasowitz* v. *Mutual Construction Co.,* 154 Conn. 607, 610.

Section 52-183 of the General Statutes provides that "[i]n any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of such motor vehicle, the operator, if he is other than the owner

of such motor vehicle, shall be presumed to be the agent and servant of the owner of such motor vehicle and operating the same in the course of his employment, and the defendant shall have the burden of rebutting such presumption."

The burden of rebutting the presumption is on the owner. *Koops* v. *Gregg,* 130 Conn. 185, 187. If the plaintiffs offer no evidence on the issue, and the trier disbelieves the testimony offered by the owner for the purpose of showing the circumstances of operation to have been such that the operator was not the agent of the owner in the course of her employment, the plaintiffs would be entitled to recover. *O'Dea* v. *Amodeo,* 118 Conn. 58, 66; *Koops* v. *Gregg,* supra, 188; *Lockwood* v. *Helfant,* 126 Conn. 584, 587.

The presumption avails the plaintiffs until such time as the trier finds proven the circumstances of the situation with reference to the use of the car and the authority of the person operating it to drive it. *O'Dea* v. *Amodeo,* supra, 65. The instant motion for summary judgment, in effect, seeks to deprive the plaintiffs of the benefit conferred upon them by statute by means of an affidavit of the owner which recites that on the day of the accident her son asked permission to drive her car to work; that at the time of the accident it was driven by the operator; that she did not give the operator permission to drive it; that the operator was not on any business of the owner at the time of the accident, but was on her own business; and that the owner specifically told her son not to let anyone drive her car.

Upon a trial of this case, the plaintiffs will not be under any compulsion to offer evidence on the issue of agency. They may safely rely on the statutory presumption. The owner in order to rebut the

presumption may offer evidence of the matters set forth in her affidavit in support of her motion for summary judgment. Such evidence will present a clear and genuine issue of fact. The trier of the facts may or may not believe it. If it is disbelieved, the plaintiffs will prevail on this issue. It may be determined, however, only by the trier. The owner cannot relieve herself of her statutory burden of rebutting the presumption by her affidavit of facts in support of her motion. She must do so by introducing evidence of the facts she claims to be true at the time of trial, to enable the trier to find proven the circumstances of the situation with reference to the use made of the car and the authority of the operator to drive it, leaving then the burden upon the plaintiffs to establish, in view of the facts so found, that the car was being driven by the operator as the agent of the owner within the course of her employment. *O'Dea* v. *Amodeo,* supra, 66; *Lockwood* v. *Helfant,* supra; *Koops* v. *Gregg,* supra, 188.

As there is a genuine issue of fact on the question of agency, the motion for summary judgment must be, and is, denied.