## GINO TRICHILO *v.* SALVATORE TRICHILO ET AL. (11043)

PETERS, HEALEY, PARSKEY, SHEA and F. HENNESSY, Js.

Argued May 11—decision released August 2, 1983

*Harry D. Weller,* for the appellant (defendant Kenny Lombardi).

*Arlen D. Nickowitz,* for the appellee (plaintiff).

SHEA, J. On September 26, 1976, the plaintiff was a passenger in an automobile being operated on Brewster Street in Bridgeport which was struck by a vehicle driven by Angelica Molina and owned by Kenny Lombardi, both New Jersey residents. This action for

damages sustained in that accident was commenced on August 24, 1978, in accordance with General Statutes § 52-62,[1] by service of the complaint upon the motor vehicle commissioner as statutory agent for those nonresident defendants.[2] Copies of the complaint were

---

[1] "[General Statutes] Sec. 52-62. SERVICE UPON NONRESIDENT IN ACTION FOR NEGLIGENT OPERATION OF MOTOR VEHICLE. (a) Any nonresident of this state who causes a motor vehicle to be used or operated upon any public highway or elsewhere in this state shall be deemed to have appointed the commissioner of motor vehicles as his attorney and to have agreed that any process in any civil action brought against him on account of any claim for damages resulting from the alleged negligence of the nonresident or his agent or servant in the use or operation of any motor vehicle upon any public highway or elsewhere in this state may be served upon the commissioner and shall have the same validity as if served upon the nonresident personally.

"(b) The death of such a nonresident, whether before or after the commencement of a civil action, shall not operate to revoke the appointment by the nonresident of the commissioner of motor vehicles as his attorney for service of process. If the process is served upon the commissioner of motor vehicles and a true and attested copy thereof is sent to the administrator, executor or other legal representative of the deceased nonresident in accordance with the provisions of this section, the service shall have the same validity as if made upon the administrator, executor or legal representative personally.

"(c) Process in such a civil action against a nonresident shall be served by the officer to whom the process is directed upon the commissioner of motor vehicles by leaving with or at the office of the commissioner, at least twelve days before the return day of the process, a true and attested copy thereof, and by sending to the defendant or his administrator, executor or other legal representative by registered or certified mail, postage prepaid, a like true and attested copy, with an endorsement thereon of the service upon the commissioner, addressed to the defendant or representative at his last-known address. The officer serving the process upon the commissioner of motor vehicles shall leave with the commissioner, at the time of service, a fee of five dollars, which fee shall be taxed in favor of the plaintiff in his costs if he prevails in the action. The commissioner of motor vehicles shall keep a record of each such process and the day and hour of service.

"(d) For the purposes of this section, the term 'nonresident' includes a person who is a resident of this state at the time a cause of action arises and who subsequently moves to another jurisdiction."

General Statutes § 52-62 has not been substantially changed since 1978.

[2] The plaintiff also served as a defendant in the action the operator of the car in which he was a passenger, Salvatore Trichilo, a Connecticut resident. The action against this defendant, however, was later withdrawn.

sent to them by certified mail at their last known addresses in New Jersey. See General Statutes § 52-62 (c). The letter to Molina was returned because of an incorrect address and the plaintiff has not pursued the action against her any further. A return receipt for the letter sent to Lombardi was received which had been signed by one of his employees on his behalf. On March 2, 1981, following a default for failure to appear and a hearing in damages, the plaintiff obtained a judgment against the defendant Lombardi only.

Relying upon Practice Book § 377, which allows a default judgment to be opened for good cause within four months of its rendition, Lombardi filed a motion for this purpose on June 1, 1981. In conjunction with this motion he also filed an affidavit stating that the person who had signed the return receipt was no longer in his employ and that he could not contact her to learn what had happened to the papers for which she had signed. He also said he had never known Angelica Molina, the driver of the car; that he had not owned the 1969 Chevrolet Impala car which Molina was driving at the time of the accident; and that he had no car in Connecticut on that date.

At the argument of the motion in the trial court, counsel for the plaintiff represented that before the judgment was obtained a registered letter notifying the defendant Lombardi of the accident claim had been sent to him by a predecessor attorney on behalf of the plaintiff; that before commencing suit another similar letter had been mailed to him; that copies of the pleadings filed in the case had also been transmitted;[3] and that

[3] The court file indicates that, in addition to the complaint, a motion for default for failure to appear, a military affidavit, and a claim for a hearing in damages were filed prior to judgment.

it was not until a copy of the judgment was forwarded to him by registered mail that he had taken any steps to protect his interests. The court indicated that it could find no basis for opening the judgment upon the ground that Lombardi had been prevented "by mistake, accident or other reasonable cause" from defending the action. Practice Book § 377.

In addition to his motion to open the judgment for good cause, the defendant Lombardi had also filed a motion to dismiss the action for lack of jurisdiction. This motion relied upon two grounds: (1) that the facts essential to the exercise of the "long-arm" provisions of General Statutes § 52-62 were not alleged in the complaint; and (2) that Lombardi's assertions in his affidavit that he neither owned the vehicle nor knew the driver involved in the accident made that statute inapplicable. The claims made in this motion were argued before the trial court as an additional basis for opening the judgment after the court found that the defendant's failure to defend had been inexcusable. The motion to open the judgment was denied.[4]

On appeal the defendant does not contest the determination of the trial court that, based upon the circumstances represented by the plaintiff at argument, which were not disputed, his failure to defend the action prior to the entry of judgment was inexcusable. He rests wholly on the claim that the court had no jurisdiction over his person for the reasons asserted in his motion to dismiss. We agree with the defendant that, if there were no such jurisdiction, the motion to open the judgment should have been granted because a judg-

---

[4] The record does not indicate that any action was taken upon the motion to dismiss.

ment rendered without jurisdiction is invalid.[5] *Robertson* v. *Robertson,* 164 Conn. 140, 144, 318 A.2d 106 (1972); *Carter* v. *Carter,* 147 Conn. 238, 241, 159 A.2d 173 (1960); 46 Am. Jur. 2d, Judgments § 22.

"In order that a valid judgment may be rendered against a nonresident upon whom it is claimed that constructive service has been made, [the statute authorizing such service] must be strictly observed and the facts showing compliance with it must appear of record." *Carter* v. *Carter,* supra, 243. The judgment file in this case contains a finding that the defendant was duly served. The return of service indicates that the requirements of § 52-62 (c) with respect to the service of process upon the motor vehicle commissioner as statutory agent for a nonresident motorist were fully observed, and Lombardi's affidavit, which indicates that the person who signed the return receipt for the complaint was his employee, confirms this conclusion. The only claimed deficiency in the record is that the complaint fails to allege that Molina, the operator of the vehicle averred to be owned by Lombardi, was his agent or that he in some manner had "cause[d] a motor vehicle to be used or operated upon any public highway or elsewhere in this state . . . ." General Statutes § 52-62 (a). We are not persuaded that this omission was fatal to the jurisdiction of the court.

---

[5] We are not concerned in this case with the situation where a defendant chooses to contest the jurisdiction of the court but is unsuccessful. Even though the jurisdictional question may have been decided erroneously, once the judgment has become final, the principle of res judicata would preclude further litigation of that issue. *Ins. Corporation of Ireland, Ltd.* v. *Compagnie Des Bauxites,* 456 U.S. 694, 706, 102 S. Ct. 2099, 72 L. Ed. 2d 492, cert. denied, 457 U.S. 1105, 102 S. Ct. 2902, 73 L. Ed. 2d 1312 (1982); *American Surety Co.* v. *Baldwin,* 287 U.S. 156, 166, 53 S. Ct. 98, 77 L. Ed. 2d 231 (1932).

General Statutes § 52-183[6] creates a presumption that the operator of a motor vehicle is the "agent and servant of the owner of such motor vehicle and operating the same in the course of his employment, and the defendant shall have the burden of rebutting such presumption." In referring to the parallel presumption raised by the "family car" doctrine as set forth in General Statutes § 52-182, we have held that it is not essential, where the complaint states the facts which make the statutory presumption of agency applicable, to allege that fact expressly. *Smith* v. *Furness,* 117 Conn. 97, 102, 166 A. 759 (1933), and cases cited therein; see *Blass* v. *Gebler,* 4 Conn. Sup. 225, 226 (1936). "What is necessarily implied need not be expressly alleged." *Wexler Construction Co.* v. *Housing Authority,* 144 Conn. 187, 193, 128 A.2d 540 (1956); *See* v. *Gosselin,* 133 Conn. 158, 161, 48 A.2d 560 (1946). The complaint, therefore, was not deficient in the respect claimed.

Even if an express allegation of agency were required to state a cause of action against Lombardi sufficiently for the complaint to withstand a motion to strike pursuant to Practice Book § 151, the validity of the judgment rendered would not be affected. A court with subject matter jurisdiction has authority to render judgment against a defendant over whom it has territorial jurisdiction[7] provided that adequate notice has been

[6] "[General Statutes (Rev. to 1981)] Sec. 52-183. PRESUMPTION OF AGENCY IN MOTOR VEHICLE OPERATION. In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of such motor vehicle, the operator, if he is other than the owner of such motor vehicle, shall be presumed to be the agent and servant of the owner of such motor vehicle and operating the same in the course of his employment, and the defendant shall have the burden of rebutting such presumption."

[7] "The term 'territorial jurisdiction' . . . refers to the connection between the territorial authority of the court and the action that has been brought before the court." 1 Restatement (Second), Judgments § 1, introduc-

afforded him. 1 Restatement (Second), Judgments § 1.
The complaint, by virtue of the statutory presumption
of agency necessarily implied by the allegation that the
defendant owned one of the cars involved in the acci-
dent, set forth a sufficient relationship between this
state and the defendant Lombardi to support the exer-
cise of its territorial jurisdiction over him in this action.
*Shaffer* v. *Heitner,* 433 U.S. 186, 203, 97 S. Ct. 2569,.
53 L. Ed. 2d 683 (1977); 1 Restatement (Second), Judg-
ments § 5. A court could infer from the uncontested
allegation that the defendant owned the vehicle driven
by Molina; see *Gallup* v. *Jeffery Co.,* 86 Conn. 308, 311,
85 A. 374 (1912); that she was his agent and was oper-
ating it in the course of her employment. General Stat-
utes § 52-183. This inference would adequately support
a further inference that the defendant had "cause[d]
a motor vehicle to be used or operated in this state"
and would warrant the exercise of our territorial juris-
diction. The defendant makes no claim that the proce-
dure for invoking that jurisdiction established by
§ 52-62 was not followed nor does he challenge the con-
stitutional basis for its exercise if the facts essential
to the application of the statute can be found from the
record. See *Shaffer* v. *Heitner,* supra; *Hess* v. *Pawloski,*
274 U.S. 352, 47 S. Ct. 632, 71 L. Ed. 1091 (1927).

The lack of an express allegation of agency arguably
has some bearing upon the requirement of notice but
would not alone render it inadequate. As a prerequi-
site to jurisdiction, notice is sufficient if it (1) "is official
in tenor, and states that the action is pending or about
to be commenced and that there is opportunity to be

tory note, p. 22. "Under modern law . . . the basis of territorial jurisdic-
tion has come to be defined primarily in terms of relationship between the
place where the transaction in question occurred (including the place of
residence of the parties to the transaction) and the territory of the state
or nation in which the action is brought." Id., § 4, comment a.

heard concerning it and affords a reasonable time in which that opportunity may be exercised"; (2) "is transmitted in a manner that actually notifies the person being addressed or someone who can adequately represent him, or has a reasonable certainty of resulting in such notice"; and (3) its form and "the method employed for transmitting it sufficiently comply with the procedure for giving notice." 1 Restatement (Second), Judgments § 2. The complaint with the summons[8] attached, which was received by the defendant's employee, fully satisfied the first of these requirements and the return of service indicates compliance with the second and third as well. Since the record indicates adequate notice in addition to a sufficient basis for exercise of the territorial jurisdiction of this state, the authority of the court to render judgment against Lombardi cannot be questioned. See 1 Restatement (Second), Judgments § 1.

---

[8] The summons, in conformity with Practice Book Form 103.1, contained the following notice to each defendant:

"NOTICE to each DEFENDANT

"1. You are being sued.

"2. This paper is a Summons in a lawsuit.

"3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.

"4. To respond to this summons, or to be informed of further proceedings, you or your attorney must file a form called an 'Appearance' with the Clerk of the above named Court at the above Court address on or before the second day after the above Return Date.

"5. If you or your attorney do not file a written 'Appearance' form on time, a judgment may be entered against you by default.

"6. The 'Appearance' form may be obtained at the above Court address.

"7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.

"8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions."

The remaining claim of the defendant Lombardi is that, even if the record does adequately show the applicability of § 52-62 and compliance with its requirements, the statements in his affidavit that he was unacquainted with Molina, the driver of the car involved, and did not own that car entitled him at least to an opportunity to present evidence on those issues, and that the judgment should have been opened for that purpose. The facts claimed in his affidavit, if true, would defeat the action both for lack of jurisdiction and on the merits. He had, however, an opportunity to raise such defenses at any time prior to the entry of judgment against him. Practice Book § 142.[9] There is no principle of law which requires that he be given a further opportunity after judgment when his failure to assert his defenses sooner was inexcusable, as the unchallenged finding of the trial court in this case indicates. 2 Restatement (Second), Judgments § 67.[10] Both Practice Book § 377, which affords relief from default judgments, and General Statutes § 52-270, which permits a new trial to be granted for lack of a reasonable opportunity to appear and defend, require a showing of some reasonable cause which has prevented a defend-

---

[9] "[Practice Book] Sec. 142. MOTION TO DISMISS

"Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion, unless the court otherwise directs."

[10] 2 Restatement (Second), Judgments: "§ 67. VALID DEFAULT JUDGMENT: EXCUSE FROM DEFAULT

"Subject to the limitations in § 74, a judgment by default may be avoided if:

"(1) The failure to appear was the result of excusable neglect;

"(2) The applicant for relief acted with due diligence in ascertaining that the judgment had been rendered and with reasonable promptness in seeking relief, and the application was made within the time limitation of an applicable statute or rule of court; and

"(3) The application for relief shows there is a genuine issue upon which the judgment depends and which should be adjudicated."

ant from availing himself of his opportunity to contest the claim prior to judgment upon it. *Pantlin & Chananie Development Corporation* v. *Hartford Cement & Building Supply Co.,* 188 Conn. 253, 258, 449 A.2d 162 (1982); *Snelling & Snelling* v. *Dan-Ridge Chevrolet, Inc.,* 179 Conn. 671, 672, 427 A.2d 846 (1980); *E. M. Loew's Enterprises, Inc.* v. *Surabian,* 146 Conn. 608, 611, 153 A.2d 463 (1959). We see no reason to exempt the failure to raise seasonably jurisdictional issues of fact from this requirement. Although the defendant knew of the pendency of the action, he would have suffered no ill consequence if his contention that on the record this state had no jurisdiction over him proved correct, but he must bear the risk of that erroneous assumption. See 2 Restatement (Second), Judgments § 67, cf. § 65, comment b. Where a court has both territorial and subject matter jurisdiction and adequate notice has been given, a judgment is valid and ordinarily should be given effect in order to sustain the credibility of the directive in the summons that a defendant appear if he wishes to contest the action. 2 Restatement (Second), Judgments § 65, introductory note, p. 153. Although a reasonable degree of liberality should be exercised in determining whether a default has resulted from excusable neglect, the transcript indicates no abuse of discretion by the trial court in that respect, nor does the defendant make such a claim in this appeal.

There is no error.

In this opinion the other judges concurred.