[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By revised complaint filed July 7, 1989, plaintiffs James K. and Eileen Blais have brought a three count action against defendants Kenneth T. Granton and Laurie Gray. Plaintiffs allege that James K. Blais was operating a motor vehicle owned by the State of Connecticut Department of Public Safety on March 13, 1987 when he was struck by a motor vehicle owned by the defendant Laurie Gray and operated by the defendant Kenneth T. Granton. It is further alleged that Granton was operating said vehicle as the agent, servant and/or employee of the defendant Laurie Gray within the scope of his authority to so operate; that the collision and CT Page 3363 the injuries resulting therefrom were caused by the negligence and carelessness of Granton; and that James K. Blais has suffered significant injury and loss of earning capacity.
Plaintiff's second count realleges the entire first count and further alleges negligence and carelessness on behalf of defendant Laurie Gray in that she allowed Granton to operate her automobile when she entrusted it to him or knowingly or negligently allowed him to operate the vehicle.
Count three seeks recovery for loss of consortium on behalf of plaintiff Eileen Blais, wife of James K. Blais.
Defendant Laurie Gray, now Laurie Gray Granton, moves for summary judgment claiming that Granton took her vehicle on the date in question without her permission and without her knowledge. Since the defendants were unrelated at the time of the accident, the family car doctrine is inapplicable, says Gray-Granton. Further, she states that the content of her attached affidavit clearly rebuts the presumption of agency as required by Connecticut General Statutes Section 52-183 (rev' to 1989) and therefore she is entitled to summary judgment as a matter of law.
 "Practice Book Section 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402 528 A.2d 805 (1987). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book Sections 380, 381; Burns v. Hartford Hospital, [192 Conn. 451, 455, 472 A.2d 1257 (1984)]. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304, 309, 407 A.2d 971 (1978)." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, CT Page 3364 317, 477 A.2d 1005 (1984). "The test is whether a party would be entitled to a directed verdict on the same facts." Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982).
Connell v. Colwell, 214 Conn. 242, 246-47 (1990).
Connecticut General Statutes Section 52-183 (rev'd to 1989) states:
 In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption.
As pointed out by plaintiff, defendant Granton filed answers to the following interrogatories on April 18, 1989: "19. If the vehicle operated by you at the time of the incident described in the complaint was owned by someone other than yourself, please state: a. whether you had permission of the owner to operate said vehicle;" Granton's written response is that he "had assumed I did." The co-defendant Granton's response indicates a genuine issue of material fact as to agency.
Furthermore, the court in Masse v. Jonah, 27 Conn. Sup. 206
(Super.Ct. 1967) held that in an action to recover damages from an owner of an automobile for the negligent operation of an automobile by an operator other than the owner, the owner could not relieve herself of the statutory burden imposed by Section 52-183 of rebutting the presumption that the operator was her agent by affidavit in support of a motion for summary judgment. Rather, she was required to do so by introducing evidence of the facts she claimed to be true at the time of trial. Id. at 209.
Accordingly, the defendant Laurie Gray Granton's motion for summary judgment is denied.
BYRNE, J.