[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS (#105)
This action involves a complaint to reopen and set aside a default judgment entered on September 11, 1989. On May 12, 1988, William LaPlante d/b/a Media Alliance brought a breach of contract action against David CT Page 3749 Rogers to recover commissions owed pursuant to a talent agent agreement. Thereafter the defendant Rogers filed a pro se appearance and the case was claimed to the trial list on November 18, 1988. A pretrial conference was scheduled for January 6, 1989. When Rogers failed to appear at the pretrial, the court (Pickett, J.) entered a default for failure to appear. On January 25, 1989, Rogers filed a motion to set aside the default which was assigned to the February 6, 1989, short calendar. When Rogers failed to appear and argue the motion, the matter went off. On September 11, 1989, a default judgment was entered against Rogers in the approximate amount of $22,000.00.
On February 21, 1991, Rogers (hereinafter the plaintiff) instituted the present action to reopen and set aside the default judgment entered on September 11, 1989. The plaintiff's complaint claims the right to reopen and set aside the default judgment, outside the statutory four month time limit, on the basis of lack of subject matter jurisdiction in the original action.
On April 11, 1989, Laplante (hereinafter the defendant) filed a motion to dismiss the plaintiff's complaint and a supporting memorandum of law. The defendant argues that a court's power to open a default judgment is controlled by Conn. Gen. Stat. 52-212. This statute provides in relevant part that: "Any judgment rendered or decree passed upon a default or nonsuit in the superior court may be set aside, within four months following the date on which it was rendered or passed. . . ."
The default judgment was entered on September 11, 1989. The plaintiff's complaint, however, was not filed until February 21, 1991
The plaintiff, in opposition to the motion to dismiss argues that the judgment should be reopened because the court in the original action lacked subject matter jurisdiction. The plaintiff relies on Trichilo v. Trichilo, 190 Conn. 774 (1983) for the proposition that a judgment rendered without jurisdiction is invalid. The plaintiff maintains that the court, in the original action, lacked jurisdiction to entertain a breach of contract claim because the contract was allegedly unenforceable because it failed to comply with the requirement of Conn. Gen. Stat. 31-129 and 31-131.
"A court has subject matter jurisdiction if it has the authority to adjudiciate a particular type of legal controversy." Castro v. Viera,207 Conn. 420, 427 (1988). The court in the original action did have subject matter jurisdiction to entertain a breach of contract claim. Whether the contract was enforceable is a question properly raised by a special defense.
The plaintiff's complaint to reopen the default judgment was untimely filed and therefore the motion to dismiss is granted.
SUSCO, J. CT Page 3750