[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO OPEN JUDGMENT
The defendant has moved to open the judgment of dissolution which was entered by the court (Petroni, J.) on July 11, 1994. The plaintiff opposes the motion. The motion is denied.
The defendant did not enter an appearance prior to the dissolution hearing. She did not appear in court on the day of the hearing. The court can only speculate as to why the defendant did not appear. CT Page 10175
The parties agree that § 377 of the Practice Book and § 52-212
of the General Statutes are applicable to this situation. The defendant has not sustained her burden of a showing of some reasonable cause which has prevented her from availing herself of her opportunity to contest the dissolution action prior to judgment upon it. Costello v. Hartford Institute of Accounting, Inc.,193 Conn. 160, 167 (1984); Trichito v. Trichito, 190 Conn. 774, 782-83
(1983).
As an additional ground for denying the motion to open, the court notes that neither the defendant nor her attorney verified the motion as required by Practice Book § 377 and General Statutes § 52-212. This requirement is mandatory. Lynch v. Imported Cars ofGreenwich, Inc., 37 Conn. Sup. 676, 677-78 (1981). During oral argument, the plaintiff raised an objection to the lack of verification. The defect has not been waived by the plaintiff nor cured by the defendant. See A. Sangivanni Sons v. F.M. Floryan Co., 158 Conn. 467, 477-78 (1969).
The motion to open the judgment is denied. The defendant may still request the court to modify the custody and child support orders.
THIM, JUDGE