[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #125
In this case, the plaintiff, Angela Torres, brings suit against the defendant, Automotive Consulting d/b/a Discount Auto Sales ("Discount Auto"), for injuries allegedly sustained in an automobile accident. Before the court is Discount Auto's motion for summary judgment as to counts three and four of the plaintiff's complaint.[1] A chronological summary of the factual and procedural history of this case follows.
On March 24, 1995, the plaintiff filed a six count complaint against multiple defendants. Counts three and four are directed toward Discount Auto and contain the following allegations. On March 20, 1993, the plaintiff was involved in an automobile accident with a vehicle operated by Dennis Dellaghelf. Count three seeks to hold Discount Auto vicariously liable for Dellaghelf's alleged negligence on the grounds (1) that the defendant owned the vehicle involved in the accident; and (2) that Dellaghelf was the employee, agent, and/or servant of the defendant Discount Auto Sales at the time of the collision. Count four alleges that the vehicle was owned by Discount Auto and rented or leased to Dellaghelf and seeks to impose joint liability pursuant to General Statutes § 14-154a. On October 12, 1995, the defendant filed an answer and revised special defenses.
On January 12, 1996, Discount Auto filed a motion for summary judgment as to counts three and four. At short calendar on January 29, 1996, the parties agreed that summary judgment should enter as to count four.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried. The test for granting summary judgment is whether CT Page 2250 the moving party would be entitled to a directed verdict on the same facts." Wilson v. New Haven, 213 Conn. 277, 279,634 A.2d 297 (1989). "In passing on a defendant's motion for summary judgment, the trial court is limited to deciding whether an issue of fact exists, but . . . it cannot try that issue if it does exist." United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 377, 260 A.2d 596 (1969).
Count three alleges that Dellaghelf operated the motor vehicle as the servant, agent or employee of the defendant. At the same time, it is undisputed that the defendant owned the automobile involved in the accident. Under Connecticut law, there is a presumption that the operator of a motor vehicle is the agent of its owner. General Statutes § 52-183, the so-called agency statute, provides:
 In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption.
(Emphasis added.) Thus, § 52-183 creates a presumption that the operator of a motor vehicle is the agent or servant of its owner and places the burden of rebutting this presumption on the owner.
The defendant's motion requires this court to examine the nature of the presumption created by § 52-183. "At the outset, we note that our so-called agency statute, 52-183, generallyprecludes the direction of a verdict for the defendant on thebasis of the plaintiff's failure to establish agency . . . . The statute creates the presumption that the operator of a car is the agent of the owner, and it places the burden of rebutting the presumption on the owner . . . . [T]he statute goes further than merely establishing a presumption in that it definitely places a burden of rebutting it on the defendant. Thus, the presumption does not necessarily vanish on the introduction of any evidence to the contrary. Rather, [t]he presumption ceases to be operative when the trier finds proven facts which fairly put in issue the question, and the burden of proving that the car . . . was operated by an agent of the owner . . . then rests CT Page 2251 upon the plaintiff; if no evidence relevant to the issue is produced, or, if countervailing evidence is produced but the trier does not believe it, the presumption applies, and the plaintiff is entitled to have the issue found in his favor." (Citations omitted; emphasis added; internal quotation marks omitted.) Bogart v. Tucker, 164 Conn. 277, 281-82, 320 A.2d 803
(1973).
The defendant argues that "there is no genuine issue of material fact, and that this defendant is entitled to judgment as a matter of law in accordance with General Statute § 14-60." The defendant offers the affidavit of its manager, Warren Ford, in support of its motion for summary judgment. In this affidavit, Ford alleges that the subject automobile was" loaned to Dennis Dellaghelf . . . [I]n accordance with Conn. Gen. stat. § 14-60" and that "Dennis Dellaghelf was not an employee, agent, or servant of Discount Auto on or about March 20, 1993, or at any relevant time relevant here."
The defendant's argument relies exclusively upon General statutes § 14-60.[2] This statute governs the "loan" of a motor vehicle and the question of prime coverage between the dealer and "borrower's" insurance carrier. Even if this statute is applicable as the defendant suggests, there are questions of fact involving the dealers compliance with this statute. Noncompliance with the statute would make the dealer jointly liable with the "borrower." Cook v. Coolins Chevrolet,199 Conn. 245. The defendant has the burden of proving these issues since it has alleged them in its special defense.
There is a material issue of fact on the question of agency. The statutory presumption created by § 52-183 is not one which is rebutted by the mere offer of substantial countervailing evidence. "The owner cannot relieve herself of her statutory burden of rebutting the presumption by her affidavit of facts in support of her motion [for summary judgment]. She must do so by introducing evidence of the fact she claims to be true at the time of trial . . ." Masse v. Jonah, 27 Conn. Sup. 206,207, 233 A.2d 696 (1967), citing O'Dea v. Amodio, 118 Conn. 58,66, 170 A. 486 (1934). The defendant's motion for summary judgment, in effect, seeks to relieve itself of this burden by the mere offer of an opposing affidavit. In light of the presumption, this affidavit does nothing more than demonstrate the existence of a factual issue which must be resolved by a jury. Therefore, the defendant's motion for summary judgment as CT Page 2252 to count three is denied and in accordance with the agreement of the parties the motion for summary judgement as to count four is granted.
/s/ PELLEGRINO
PELLEGRINO, J.