[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT (#101)
This is an action brought by the plaintiff, Murteza Shira, seeking damages for personal injuries allegedly sustained as the result of an automobile accident. By way of a three count complaint filed July 26, 1996, the plaintiff brought suit against the following defendants: Dana Weaver, George Gaston, Anibal Sanchez, Progressive Casualty Insurance Co., Great American Insurance Co. and Agency Rent-A-Car, Inc. ("Agency"). Before the court is the defendant Agency's motion for summary judgment as to the first count.
In count one, the plaintiff alleges the following facts. On August 11, 1994, the plaintiff, while operating a motor vehicle owned by the defendant Sanchez, was involved in an automobile accident with the defendant Gaston. The vehicle Gaston operated was a rental car, rented by the defendant Weaver from Agency, with Gaston allegedly driving the vehicle with Weaver's permission.
On August 22, 1996, Agency filed an answer, admitting only that Weaver rented a vehicle from, and owned, by Agency. On that same date, Agency filed a motion for summary judgment as to the first count, claiming that no genuine issue exists as to any material fact and that it is entitled to judgment in its favor as a matter of law. Agency bases its motion on the assumption that CT Page 3154 the plaintiff's theory of recovery rests upon General Statutes § 52-183, Connecticut's agency presumption statute, and claims that it is not liable to the plaintiff for his injuries suffered because Gaston was not the agent or servant of Agency. In support of its motion, Agency filed a memorandum of law, the affidavit of Louis H. Rice, assistant general counsel of National Auto Credit, Inc., f/k/a Agency, a police report, and a copy of the rental agreement between Weaver and Agency.
On October 7, 1996, the plaintiff filed an objection and supporting memorandum in opposition to Agency's motion for summary judgment. The plaintiff counters that there is nothing in the allegations giving rise to the assumption that its case is, in fact, based upon General Statutes § 52-183, and that it is equally reasonable to assume that the plaintiff's theory of liability against Agency is premised upon General Statutes §14-154a. On October 15, 1996, the defendants Weaver and Gaston also filed a memorandum in opposition to Agency's motion for summary judgment,[1] accompanied by an affidavit submitted pursuant to Practice Book 382. On October 30, 1996, the defendant Progressive Casualty also filed a memorandum in opposition to Agency's motion for summary judgment.
The purpose of a motion for summary judgment is "to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial." Orenstein v. Old BuckinghamCorp., 205 Conn. 572, 574, A.2d 1172 (1987). "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted; internal quotation marks omitted.) Home Insurance Co. v.Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001
(1995). "The test is whether a party would be entitled to a directed verdict on the same facts." Bank of Boston v. Scott RealEstate, Inc., 40 Conn. App. 616, 620, 673 A.2d 558, cert. denied,237 Conn. 912, 675 A.2d 884 (1996). "[A] directed verdict may be rendered only where, on the evidence viewed in the light most CT Page 3155 favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Emphasis omitted.) Miller v. UnitedTechnologies Corp., 233 Conn. 732, 752, 660 A.2d 732 (1995).
Count one of the complaint alleges that on August 11, 1994, "the Defendant, George Gaston, while operating the motor vehicle owned by the Defendant, [Agency], and with the permission of the Defendant, Dana Weaver, was backing from a private driveway located at 132 Locust Street, in Waterbury, Connecticut, when suddenly and without warning he struck the Plaintiff's vehicle on the left side rear." (Complaint, ¶ 6). Agency admits to being the owner of the vehicle driven by Gaston which was involved in the collision with the vehicle operated by the plaintiff. Although the first count does not expressly allege agency, nor cites to General Statutes § 52-183, the first count sets forth sufficient facts to make a statutory presumption of agency applicable. See Anderson v. Nedovich, 19 Conn. App. 85, 89,561 A.2d 948 (1989). "What is necessarily implied need not be expressly alleged." Trichilo v. Trichilo, 190 Conn. 774, 779,462 A.2d 1048 (1983).
General Statutes § 52-183, the so-called agency statute, provides that "[i]n any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption."
Section 52-183 creates a presumption that the operator of a motor vehicle is the agent or servant of its owner and places the burden of rebutting this presumption upon the owner. Trichilo v.Trichilo, supra, 190 Conn. 779; Felsted v. Kimberly AutoServices, Inc., 25 Conn. App. 665, 671, 596 A.2d 14, cert. denied, 220 Conn. 922, 597 A.2d 342 (1991). Moreover, §52-183 "goes further than merely establishing a presumption in that it definitely places a burden of rebutting it on the defendant. Thus, the presumption does not necessarily vanish on the introduction of any evidence to the contrary. Rather, the presumption ceases to be operative when the trier finds proven facts which fairly put in issue the question, and the burden of proving that the car . . . was operated by an agent of the owner . . . then rests upon the plaintiff; if no evidence CT Page 3156 relevant to the issue is produced, or, if countervailing evidence is produced but the trier does not believe it, the presumption applies, and the plaintiff is entitled to have the issue found in his favor." (Citations omitted; internal quotation marks omitted.) Bogart v. Tucker, 164 Conn. 277, 281-82, 320 A.2d 803
(1973). The owner must "introduc[e] evidence of the facts she claims to be true at the time of trial, to enable the trier to find proven the circumstances of the situation with reference to the use made of the car and the authority of the operator to drive it. . . ." Masse v. Jonah, 27 Conn. Sup. 206, 209,233 A.2d 696 (1967), citing O'Dea v. Amodio, 118 Conn. 58, 66,170 A. 486 (1934).
It is difficult for the court to find that the evidence submitted by agency could not rationally be disbelieved.
Although the defendant assumes that the allegations of agency are brought pursuant to Section 52-183, it is also possible that the plaintiff may proceed against Agency under 14-154a.
General Statutes § 14-154a provides that: "[a]ny person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner."
As the plaintiff points out the ambiguity of the plaintiffs claim at this point creates it's own questions of fact to defeat this motion for summary judgment. The plaintiff has not plead any statutory provisions to establish the basis of Agency's liability, nor is the plaintiff required to do so. Rowe v. Godou12 Conn. App. 538, 542, rev'd on other grounds, 209 Conn. 273,275.
There are genuine issues of material facts, and therefore the court will deny the defendant's Agency's Motion for Summary Judgment.
PELLEGRINO, J.