[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE MOTION TO DISMISS
The plaintiff brings this action seeking damages for injuries suffered as a result of an automobile accident in Meriden. Connecticut. The action was returned to court June 3. 1997; the defendant appeared through counsel on June 26, 1997 and filed this Motion to Dismiss on June 11. 1997.
The defendant in this written motion argues that the plaintiff failed to serve the defendant as required under C.G.S. § 52-59b (c). The plaintiff correctly noted in her opposition papers that C.G.S. § 52-59b (c) is not controlling, but C.G.S. § 52-62 is. The defendant conceded this in his reply but argues that the plaintiff failed to comply with the requirements of service under § 52-62 by not sending the defendant a copy of the writ summons and complaint.
Under P.B. § 142. a defendant wishing to contest the jurisdiction of the court may file a motion to dismiss within thirty days of filing his appearance. A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.Gurliacci v. Mayer, 218 Conn. 531 544 (1991). "A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction. Upson v. State. 190 Conn. 622, 624
(1983). Facts showing the service of process in time, form and manner sufficient to satisfy he requirements of mandatory statutes in that regard are essential to jurisdiction over theperson." Bridgeport v. Debek, 210 Conn. 175. 179-180 (1989).
The summons here lists the defendant's address as "address CT Page 9050 unknown, city unknown, New Jersey." C.G.S. § 52-62 which is entitled, Service upon nonresident in action for negligentoperation of motor vehicle, reads in pertinent part:
 (a) Any nonresident of this state who causes a motor vehicle to be used or operated upon any public highway or elsewhere in this state shall be deemed to have appointed the Commissioner of Motor Vehicles as his attorney and to have agreed that any process in any civil action brought against him on account of any claim for damages resulting from the alleged negligence of the nonresident or his agent or servant in the use or operation of any motor vehicle upon any public highway or elsewhere in this state may be served upon the commissioner and shall have the same validity as if served upon the nonresident personally.
 (c) Process in such a civil action against a nonresident, addressed to the defendant or representative at his last-known address shall be served by the officer to whom the process is directed upon the Commissioner of Motor Vehicles by leaving with or at the office of the commissioner, at least twelve days before the return day of the process, a true and attested copy thereof, and by sending to the defendant or his administrator, executor or other legal representative, by registered or certified mail, postage prepaid, a like true and attested copy, with an endorsement thereon of the service upon the commissioner. The officer serving the process upon the Commissioner of Motor Vehicles shall leave with the commissioner, at the time of service, a fee of five dollars, which fee shall be taxed in favor of the plaintiff in his costs if he prevails in the action. The Commissioner of Motor Vehicles shall keep a record of each such process and the day and hour of service.
There is no dispute that the plaintiff served the Commissioner of Motor Vehicles in compliance with the statute. The sheriff's return dated May 22, 1997 is undisputed evidence of that. The record is also clear, however, that the plaintiff did not send to the defendant by registered or certified mail a like true and attested copy of the process. On July 11, 1997, the plaintiff caused the sheriff to serve a verified copy of the writ summons and complaint by certified mail, return receipt requested. on Barbara Scerbo of the Claim Department for Allstate Insurance Company.
In Trichilo v. Trichilo, 190 Conn. 774, 778 (1983), the Court was examining C.G.S. § 52-62 in the context of a post judgment motion to dismiss. In its discussion, the Court noted CT Page 9051
 "In order that a valid judgment may be rendered against a nonresident upon whom it is claimed that constructive service has been made, [the statute authorizing such service] must be strictly observed and the facts showing compliance with it must appear of record." Carter v. Carter, supra, 243. The judgment file in this case contains a finding that the defendant was duly served. The return of service indicates that the requirements of 52-62 (c) with respect to the service of process upon the motor vehicle commissioner as statutory agent for a nonresident motorist were fully observed, and Lombardi's affidavit, which indicates that the person who signed the return receipt for the complaint was his employee, confirms this conclusion.
This language conforms to the reasoning contained in the seminal case of Hartley v. Vitiello, 113 Conn. 74, 75-81 (1931) where Justice Maltbie upheld the validity of the predecessor to §52-62. In the opinion Justice Maltbie makes it clear that strict compliance is necessary to confer jurisdiction, and that includes sending the defendant a copy of the process by registered or certified mail. "The leaving of a copy with or at the office of the commissioner and the sending of a copy to the defendant are by the statute both made a part of the service of the process and are linked up in such a way that the legislature obviously regarded them as parts of one act." 113 Conn. At 79.
Here the plaintiff did not have the sheriff serve the defendant at his last known address, but attempted service more than thirty days after the return day apparently on the defendant's insurer. Although the plaintiff argues that Allstate Insurance should be considered the defendant's "legal representative" for purposes of § 52-62, she cites no authority, and the court can think of no reasonable basis for so finding. In concluding that § 52-62 is constitutionally valid, Justice Maltbie relied upon the fact that service of process in accordance with its provisions would "bring about a reasonable probability that he will receive actual notice of the bringing of the action and if he will be afforded a reasonable opportunity to appear and defend." 113 Conn. At 78. Accordingly, the plaintiff's failure to comply with the statutory provisions of service deprive this court of in personam jurisdiction.
For the foregoing reasons, the Motion to Dismiss is granted.
DiPentima, J. CT Page 9052