[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#137)
CT Page 10360
Defendant Snappy Car Rental has sought summary judgment in a personal injury action wherein Snappy is said to be the owner of the vehicle operated by co-defendant Clark. See, C.G.S. §14-154a. In support of said motion, Snappy offers factual matter in contravention of the statutory presumption contained in C.G.S. § 52-183. As a result, the issue presented is essentially whether tension between the presumption and defense evidence contravening it is appropriately to be resolved via summary judgment. The better response seems to be that the presumption creates, and thus reserves for trial, a factual dispute which, of course, is clearly material, certainly as to defendant Snappy and, presumably to plaintiff.
Summary judgment is granted only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Doty v. Mucci, 238 Conn. 800, 805,679 A.2d 945 (1996).
"There is a material issue of fact on the question of agency. The statutory presumption created by § 52-183 is not one which is rebutted by the mere offer of substantial countervailing evidence. The owner cannot relieve [itself] of [its] statutory burden of rebutting the presumption by [its] affidavit of facts in support of [its] motion for summary judgment. [It] must do so by introducing evidence of the fact [it] claims to be true at the time of trial." (Internal quotation marks omitted.) Torres v.Dellaghelf, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 125808 (Mar. 20, 1996, Pellegrino, J.), citing Masse v. Jonah, 27 Conn. Sup. 206, 207, 233 A.2d 696
(1967) (and holding that nothing in Pedevillano v. Byron,231 Conn. 265, 648 A.2d 873 (1994) changes this result.). See alsoLayden v. Agency Rent-A-Car, Inc., Superior Court, judicial district of New Haven at Meriden and New Haven, Docket No. 242000 (Nov. 17, 1994, Silbert, J.). ("Despite the fact that the materials submitted by Agency in support of its motion suggested . . . that there existed a strong probability that the statutory presumption could be rebutted," the motion for summary judgment was denied.)
The owner of the vehicle involved in the accident giving rise to the present action is the defendant, Snappy Car Rental. The defendant cannot relieve itself of its statutory burden of rebutting the presumption created by § 52-183 by merely CT Page 10361 presenting affidavits in support of its motion for summary judgment. The motion for summary judgment is, therefore, denied.
NADEAU, J.