[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By way of a complaint dated March 27, 2000, the plaintiff, Amaris Jattan, commenced this action against the defendant, Mayflower Transit, Inc., a nonresident corporation, for negligent operation and parking of a motor vehicle. The plaintiff claims that on April 11, 1998, she suffered serious injuries when she was struck by a vehicle driven by a third party while she was riding her bicycle on Spring Street in Danbury, Connecticut. The plaintiff alleges that the "collision was caused by the carelessness and negligence of the Defendant in one or more of the following ways: a. In that the Defendant parked its vehicle in violation of City of Danbury Parking ordinance § 19-32. b. In that the Defendant parked its truck so close to the driveway where the Plaintiff was riding her bicycle that it knew or should have known that the Plaintiff's view of traffic would be obstructed. c. In that the Defendant-operator failed to exercise due care in parking the truck." (Plaintiff's Complaint, ¶ 4.)
On July 27, 2000, the defendant filed a motion to dismiss on the ground that service of process was improper. In response, the plaintiff filed an objection to the motion and the defendant filed a memorandum in reply to the plaintiff's objection.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). A motion to dismiss is CT Page 5637 the proper method by which to contest service of process as insufficient. Practice Book § 10-31(a). "One who is not served with process does not have the status of a party to the proceeding. . . . A court has no jurisdiction over persons who have not been made parties to the action before it." (Internal quotation marks omitted.) Delio v. EarthGarden Florist, Inc., 28 Conn. App. 73, 77, 609 A.2d 1057 (1992).
The defendant moves to dismiss the action on the ground that the plaintiff's attempt to effectuate service of process on it by leaving a true and attested copy of the summons and complaint with the commissioner of motor vehicles pursuant to General Statutes § 52-62 was improper. Specifically, the defendant argues that because it did not "cause" the use or operation of the motor vehicle at issue in the state of Connecticut, the plaintiff cannot meet the statutory requirements of § 52-62 and, therefore, the statute is not applicable to this case. The plaintiff contends that § 52-62 does not limit service of process to vehicle operators, rather it provides for service of process on any nonresident who causes a vehicle to be used or operated in the state, which includes an owner of a vehicle that is operated in the state by its agent.
General Statutes § 52-62 provides, in relevant part: "(a) Any nonresident of this state who causes a motor vehicle to be used or operated upon any public highway or elsewhere in this state shall be deemed to have appointed the Commissioner of Motor Vehicles as his attorney and to have agreed that any process in any civil action brought against him on account of any claim for damages resulting from thealleged negligence of the nonresident or his agent or servant in the useor operation of any motor vehicle upon any public highway or elsewhere in this state may be served upon the commissioner and shall have the same validity as if served upon the nonresident personally." (Emphasis added.)
General Statutes § 52-183 provides: "In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption."
In the present case, the defendant admits that it is the owner of the truck at issue. Therefore, the driver of the truck is presumed to be the agent of the defendant and operating it in the course of his employment pursuant to § 52-183. The defendant has not rebutted this presumption. Accordingly, the court can infer that the defendant "caused" the truck to be used or operated in this state, which would warrant the CT Page 5638 plaintiff's serving process on the nonresident defendant in accordance with § 52-62. Trichilo v. Trichilo, 190 Conn. 774, 780, 462 A.2d 1048
(1983).
Because the return of service indicates that the requirements of §52-62 (c)[1] with respect to the service of process upon the commissioner of motor vehicles as statutory agent for a nonresident motorist were fully observed, the court denies the defendant's motion to dismiss.
White, J.