## JEFFREY C. WILKINSON *v.* BOATS UNLIMITED, INC., ET AL.
### (15239)

Peters, C. J., and Callahan, Borden, Katz and Palmer, Js.

Argued January 18—decision released February 13, 1996

*Eric Watt Wiechmann,* with whom, on the brief, were *William H. Narwold* and *George B. Wilkinson,* for the appellant (defendant Bayliner Marine Corporation).

*K. Wynne Bohonnon,* with whom, on the brief, were *R. William Bohonnon, David M. Bohonnon* and *John L. Senning,* for the appellee (plaintiff).

PETERS, C. J. This appeal challenges the validity of a default judgment on the ground that the trial court rendering the judgment lacked personal jurisdiction over a foreign corporation. The plaintiff, Jeffrey C. Wilkinson, filed a complaint to recover damages for the loss of a vessel sold to him by the defendant Boats Unlimited, Inc. (Boats Unlimited), and manufactured by the defendant Bayliner Marine Corporation (Bayliner). The trial court, *Arena, J.,* granted the plaintiff's motion for a default judgment against the defendants for failure to appear and, after a hearing in damages, rendered a judgment on March 26, 1992, against both defendants in the amount of $168,342.79. On October 18, 1994, Bayliner moved to set aside the default judgment rendered against it. The trial court, *Stanley, J.,* denied Bayliner's motion. Bayliner then appealed to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We reverse the judgment of the trial court.

For the purpose of the present appeal, the record reveals the following pertinent facts. On June 22, 1989, the plaintiff purchased a vessel from Boats Unlimited,

a Connecticut vendor, for $152,850. The vessel had been manufactured by Bayliner, a Delaware corporation with its principal place of business in the state of Washington. On August 20, 1989, while the plaintiff was boating on Long Island Sound, the vessel sank as a result of the explosion of its exhaust and muffler system. The plaintiff survived, but the vessel was not recovered. The plaintiff filed a claim against his insurance company, Middlesex Mutual Assurance Company (Middlesex), which paid him for the loss of the vessel. By virtue of this payment and an express contractual agreement, Middlesex, which is a Connecticut corporation, became subrogated to the plaintiff's rights to sue for all property damage resulting from the loss of the vessel.

On August 23, 1990, the plaintiff, then a resident of Connecticut, filed a personal injury action to recover damages arising out of the sinking. Bayliner appeared to defend against that action and removed it to federal court. In a deposition taken in conjunction with the federal action, the plaintiff stated under oath that he had moved his residency from Connecticut to the state of Pennsylvania in November, 1990. The federal action concluded in December, 1993, when a jury awarded the plaintiff nominal damages of $1.

On August 17, 1991, during the pendency of the personal injury action in federal court, Middlesex filed the present complaint for property damages in the name of the plaintiff. Although the nominal plaintiff was no longer a resident of Connecticut at that time, in the summons attached to the complaint his address was given as 32 Florence Avenue, Wallingford, Connecticut. Bayliner filed no appearance in this action. A default judgment was rendered against Bayliner on March 26, 1992.

After unsuccessfully attempting to levy on the default judgment in Connecticut, Middlesex, suing in the name

of the plaintiff, brought an action on the judgment in the state of Washington, where Bayliner has its principal place of business. Bayliner defended against that suit by alleging, inter alia, that the Connecticut default judgment was void for lack of personal jurisdiction under General Statutes § 33-411 (c)[1] because the nominal plaintiff had not been a Connecticut resident when he filed his August 17, 1991 complaint. The Superior Court for Snohomish County agreed with Bayliner, but the Washington Appellate Court reversed, ruling that Bayliner had failed to establish that the nominal plaintiff had not been a resident of Connecticut at the relevant time. The Washington Appellate Court did not reach the nominal plaintiff's alternate ground that Middlesex, as a Connecticut corporate resident and as the nominal plaintiff's subrogee, could itself invoke § 33-411 (c) as the real party in interest. Upon further appeal by Bayliner to the Supreme Court of Washington, that court granted a motion for review but stayed its action pending the decision of this court.

After the adverse ruling of the Washington Appellate Court, Bayliner moved the Connecticut trial court to set aside the default judgment. The trial court denied Bayliner's motion. The trial court agreed with Bayliner that, because the motion alleged an absence of personal jurisdiction, it could properly be filed even though more

[1] General Statutes § 33-411 provides in relevant part: "Service of process on foreign corporation. . . .

"(c) Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows . . . (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers . . . ."

than four months had passed since the rendition of the default judgment. See General Statutes §§ 52-212 and 52-212a.[2] On the merits of the motion, the trial court acknowledged the argument by Bayliner that a person such as the nominal plaintiff, who was not a resident of this state when the action was initiated, could not obtain jurisdiction over Bayliner, a foreign corporation, under § 33-411 (c). The trial court also acknowledged the argument by Middlesex that the relevant residency was not that of the nominal plaintiff but that of Middlesex, the real party in interest, which conducts business within Connecticut. Without resolving either argument under § 33-411 (c), the trial court held that the facts on the record established an alternate ground for jurisdiction over Bayliner under General Statutes § 33-411 (b), which authorizes the exercise of long arm jurisdiction over "[e]very foreign corporation which transacts business in this state in violation of [General Statutes §§] 33-395 or 33-396 . . . ."[3]

[2] General Statutes § 52-212 provides in relevant part: "Reopening judgment upon default or nonsuit. (a) Any judgment rendered or decree passed upon a default or nonsuit in the superior court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense."

General Statutes § 52-212a provides in relevant part: "Civil judgment or decree reopened or set aside within four months only. Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . . The parties may waive the provisions of this section or otherwise submit to the jurisdiction of the court . . . ."

[3] General Statutes § 33-411 provides in relevant part: "Service of process on foreign corporation. . . .

"(b) Every foreign corporation which transacts business in this state in violation of section 33-395 or 33-396 shall be subject to suit in this state

This appeal raises two issues. The first issue concerns the validity of the trial court's exercise of its authority to consider opening the default judgment after the expiration of the four month time period established by § 52-212.[4] The nominal plaintiff relies on this ground as an alternate basis for upholding the judgment of the trial court. The second issue concerns the validity of the trial court's construction of § 33-411 (b) and the alternate arguments concerning the applicability of § 33-411 (c) to sustain the exercise of jurisdiction over Bayliner in the factual circumstances of this case. We agree with Bayliner on both issues. As the trial court concluded, it had the authority to consider Bayliner's motion to open the default judgment. Contrary to the holding of the trial court, however, the default judgment was voidable for lack of personal jurisdiction over Bayliner and Bayliner's motion to set aside the default judgment therefore should have been granted.

## I

Although §§ 52-212 and 52-212a[5] normally limit the authority to open judgments to a four month period, these statutes do not preclude the opening of a default judgment that is rendered without jurisdiction over a defendant. The prefatory words of § 52-212a establish that the four month limitation only operates "[u]nless

upon any cause of action arising out of such business." In §§ 33-395 and 33-396, the described violations are expressly predicated on the fact that the foreign corporation has transacted business in Connecticut.

[4] The plaintiff has not distinctly argued, either in the trial court or in this court, that Bayliner's participation in the litigation in the state of Washington, as a matter of res judicata, should preclude relitigation of the jurisdiction issue in this state. Cf. *Morabito* v. *Wachsman*, 191 Conn. 92, 96–100, 463 A.2d 593 (1983); see *Ins. Corp. of Ireland, Ltd.* v. *Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982). We appreciate the courtesy of the Supreme Court of Washington in staying its own proceedings so as to afford this court plenary authority to decide the jurisdictional issue before us.

[5] See also Practice Book § 326.

otherwise provided by law . . . ." As a matter of law, in the absence of jurisdiction over the parties, a judgment "is void ab initio and is subject to both direct and collateral attack." *Broaca* v. *Broaca*, 181 Conn. 463, 467, 435 A.2d 1016 (1980); *Trichilo* v. *Trichilo*, 190 Conn. 774, 777–78, 462 A.2d 1048 (1983). The trial court properly relied upon these principles in its inquiry into the jurisdictional underpinnings of the default judgment.

The nominal plaintiff claims that Bayliner was nonetheless not entitled to relief because Bayliner had delayed inequitably in filing its motion to set aside the default judgment. That contention is predicated on factual assumptions regarding the time when Bayliner had actual notice of the nominal plaintiff's nonresidency, but that claim was not distinctly presented to the trial court, and the trial court, therefore, made no finding as to this issue.[6] Even if such a fact had been established, however, the exercise of equitable authority is vested in the discretion of the trial court and is subject only to limited review on appeal. "We do not undertake a plenary review of the merits of a decision of the trial court to grant or to deny a motion to open a judgment. The only issue on appeal is whether the trial court has acted unreasonably and in clear abuse of its discretion." *In re Baby Girl B.*, 224 Conn. 263, 294–95, 618 A.2d 1 (1992); *Gillis* v. *Gillis*, 214 Conn. 336, 340–41, 572 A.2d 323 (1990); *Celanese Fiber* v. *Pic Yarns, Inc.*, 184 Conn. 461, 467, 440 A.2d 159 (1981). On the record before us, we are persuaded that the trial court did not abuse its discretion in addressing the merits of Bayliner's jurisdictional attack on the default judgment rendered against it.

## II

The principal issue before the trial court, and before us on appeal, is whether the default judgment rendered

---

[6] The trial court also made no finding in support of Bayliner's allegation that the nominal plaintiff had committed fraud by listing a Connecticut address in the summons attached to his complaint.

against Bayliner should be set aside because of the alleged absence of personal jurisdiction over Bayliner as a foreign corporation. This issue has two parts. First, Bayliner argues that the trial court improperly found personal jurisdiction under § 33-411 (b). Second, Bayliner argues that the trial court could not properly have found personal jurisdiction under § 33-411 (c) because, when the action was initiated, the nominal plaintiff did not satisfy the statutory requirement of being a resident of this state. As a rejoinder to this argument, the nominal plaintiff contends that the trial court properly could have found personal jurisdiction under § 33-411 (c) because the relevant residency is that of the real party in interest, Middlesex, which can satisfy the residency requirement in its own right. In the circumstances of this case, we conclude that neither § 33-411 (b) nor § 33-411 (c) authorized the exercise of personal jurisdiction over Bayliner.

A

The trial court concluded, on the basis of inferences that it drew from the sheriff's return, that the requirements of § 33-411 (b) had been met in this case. The sheriff's return stated that the sheriff had "made due and legal service upon the within named Non-Registered Foreign Corporation Bayliner Marine Corporation by leaving with and in the hands of the Clerk in Charge at the Office of the Secretary of State for the State of Connecticut Two (2) true and attested copies of the original writ, summons, and complaint . . . ." The trial court inferred from the sheriff's return that Bayliner had improperly failed to register with the secretary of the state to transact business in Connecticut and that service of process had properly been effected in compliance with General Statutes § 33-411 (a).[7] In light of

---

[7] General Statutes § 33-411 provides in relevant part: "Service of process on foreign corporation. (a) Any process, notice or demand in connection with any action or proceeding required or permitted by law to be served

these facts, the trial court held that jurisdiction had appropriately been exercised over Bayliner because, pursuant to § 33-411 (b), it had been shown to be a "foreign corporation which transacts business in this state in violation of section 33-395 or 33-396 . . . ." General Statutes § 33-411 (b). We disagree.

The difficulty with the holding of the trial court is that it assumes the very point that is at issue. By the express terms of § 33-411 (a), service on the secretary of the state was proper to vest jurisdiction in the trial court only if Bayliner was in fact "authorized to transact business in this state . . . ." The trial court, however, made no such finding. Significantly, subsection (b) of § 33-411 confers local jurisdiction over a foreign corporation only upon proof of "two conditions: the transaction of business in this state, and a cause of action arising out of the transaction of such business." *Lombard Bros., Inc.* v. *General Asset Management Co.*, 190 Conn. 245, 251, 460 A.2d 481 (1983).

The nominal plaintiff urges us to fill this factual lacuna by reference to what he characterizes as "unequivocal concessions and judicial admissions" contained in exhibits that are part of the record in this case. He points in particular to the answer filed by Bayliner in the personal injury action that was tried in federal court, wherein Bayliner admitted that "it was the manufacturer of a Bayliner 34 foot '34500 Convertible' watercraft, which it manufactured and distributed as a Bayliner product for ultimate sale to a consumer within

upon a foreign corporation authorized to transact business in this state which is subject to the provisions of section 33-400 may, when timely made, be served upon such corporation by any proper officer or other person lawfully empowered to make service, as follows: (1) When the secretary of the state and his successors have been appointed such corporation's agent for service of process, by leaving two true and attested copies thereof together with the required fee at the office of the secretary of the state or depositing the same in the United States mails, by registered or certified mail, postage prepaid, addressed to such office. . . ."

the State of Connecticut . . . ." The trial court, citing nothing other than the sheriff's return as the basis for its holding, did not rely expressly on this "admission." We agree with the trial court's implicit conclusion that the "admission" would not establish that Bayliner in fact was transacting business in this state, because the "admission" says nothing about the manner in which Bayliner "distributed" its product in this state. Our review of the record persuades us that it contains no other evidence definitively establishing the missing predicate for personal jurisdiction under § 33-411 (b), namely, that Bayliner was transacting business in this state at the initiation of this litigation.

B

Even if the requirements of § 33-411 (b) have not been met, § 33-411 (c) may furnish an alternate basis for the exercise of personal jurisdiction over a foreign corporation. Although the trial court did not resolve this issue, we will consider its merits because it was fully explored in the trial court and has been fully argued here. In the circumstances of this case, we conclude that § 33-411 (c) does not support the exercise of personal jurisdiction over Bayliner.

Section 33-411 (c) forecloses the rights of the nominal plaintiff to sue Bayliner in our state courts. That section expressly requires an individual plaintiff who does not have "a usual place of business in this state" to have resided here at the time when the action was brought. No claim has ever been made that the nominal plaintiff had a "place of business" in Connecticut. Bayliner has long asserted, and the nominal plaintiff now concedes, that he himself was no longer a Connecticut resident after November, 1990.

The nominal plaintiff claims, however, that the relevant residency is that of Middlesex, which has sufficient business contacts with Connecticut to invoke § 33-411

(c). The argument made is that Middlesex is the real party in interest, having been subrogated to all the rights of the nominal plaintiff as a result of reimbursing the nominal plaintiff for the property losses he suffered in the boating accident. This argument misconceives the law of subrogation. "[T]he insurer can take nothing by subrogation but the rights of the insured, and is subrogated to only such rights as the insured possesses. The principle has been frequently expressed in the form that the rights of the insurer against the wrongdoer cannot rise higher than the rights of the insured against such wrongdoer, since the insurer as subrogee, in contemplation of law, stands in the place of the insured and succeeds to whatever rights he may have in the matter. Therefore, any defense which a wrongdoer has against the insured is good against the insurer subrogated to the rights of the insured." (Internal quotation marks omitted.) *Orselet* v. *DeMatteo*, 206 Conn. 542, 546–47, 539 A.2d 95 (1988). The provisions of the Practice Book are to the same effect. Practice Book § 104, entitled "Suit by Real Party in Interest," provides: "An action may be brought in all cases in the name of the real party in interest, *but any claim or defense may be set up which would have been available had the plaintiff sued in the name of the nominal party in interest.*" (Emphasis added.) In light of these authorities, Middlesex had no greater authority than did the nominal plaintiff to hale Bayliner into court.

The judgment is reversed and the case is remanded with direction to render judgment for Bayliner.

In this opinion the other justices concurred.