[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is defendants' Motion for Summary Judgment.
On January 17, 1995, the plaintiff, General Accident CT Page 4082-E Insurance Corporation of America (General), filed a complaint against the defendants, Stamford Yellow Cab (Yellow Cab) and Pierre Exantus, seeking money damages as the result of an automobile accident. General alleges that on May 3, 1993, a vehicle owned by Yellow Cab and operated by Exantus struck a vehicle owned by DeLourdes Bien-Aime and insured by General. General alleges that Bien-Aime and a passenger, Lucien Paul, were injured as a result of the collision. General further alleges that as a result of the injuries, General paid a total of $6,328.19 to Paul and is subrogated to the right of its insured by virtue of that payment. General further alleges that the collision was caused by the negligence of Exantus.
On December 8, 1995, the defendants filed an answer and alleged three special defenses. The first special defense alleges that General has failed to state a cause of action for which relief can be granted. The second special defense alleges that the action is barred by the doctrine of accord and satisfaction. The third special defense alleges that for consideration paid, General's insured has executed a general release in favor of the defendants. In its reply, General denied the allegations in the three special defenses.
On January 9, 1996, the defendants filed a motion for summary judgment on the grounds that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. The motion was accompanied by a memorandum of law in support of the motion and copies of releases signed by Paul and Bien-Aime.
On March 28, 1996, General filed a memorandum of law in opposition to the motion for summary judgment.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." HomeIns. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202. "In deciding on a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105-06. "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . It is not enough, however, for the CT Page 4082-F opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." Home Ins. Co. v. Aetna Life Casualty Co., supra, 202.
The defendants argue that General cannot prevail as a matter of law because its right to subrogation was destroyed by the releases signed by Paul and Bien-Aime General responds by arguing that because Bien-Aime did not release Exantus, the driver of the cab, the portion of General's claim as it relates to benefits paid to Bien-Aime, as against Exantus, has not been defeated by the release.[1] General further maintains that the releases signed by Bien-Aime and Paul do not necessarily affect its direct right of recovery against a tortfeasor involving a commercial vehicle. General contends that there is no indication in the releases that the parties contemplated releasing General's direct right of recovery against the defendants.
The defendants cite Amica Mutual Ins. Co. v. Barton, 1 Conn. App. 569, in which the plaintiff's insured received benefits from the plaintiff and subsequently entered into a settlement with the tortfeasor. The plaintiff sought to recover the benefits paid, arguing that the insured would otherwise be unjustly enriched. In that case, the court applied General Statutes § 38-325.[2]
The court stated that "the plaintiff [insurer] was entitled to judgment as a matter of law, not because subsection (c) [of §38a-325] specifically provides the insurer with a remedy but because the plaintiff had a statutory right of subrogation under that subsection which the defendant destroyed when he entered into a general release of all his claims arising out of the accident with the tortfeasor. Having obliterated the subrogation rights of the plaintiff, the defendant cannot, in equity, retain the benefit of what amounts to a duplicate payment" Amica MutualIns. Co. v. Barton, supra, 574. The court, in Amica, allowed the plaintiff-insurer to recover from its insured because it could not recover from the tortfeasor due to the release signed by its insured.
General contends that Amica is distinguishable from the present case because Amica was seeking to recover from its own insured, whereas in the present case, General seeks to recover from the tortfeasor. Regardless of this distinction, however, "[t]he insurer can take nothing by subrogation but the rights of CT Page 4082-G the insured, and is subrogated to only such rights as the insured possesses." Wilkinson v. Boats Unlimited, Inc., 236 Conn. 78, 88. Subrogation "gives an insurer the right to stand legally in the place of its insured." Amica Mutual Ins. Co. v. Barton, supra,1 Conn. App. 575.
General is precluded from bringing this action against Yellow Cab and Exantus. According to the complaint, General is only seeking subrogation for the benefits paid to Paul. Paul has released both Yellow Cab and Exantus. Paul has no rights to which General is subrogated as to both Yellow Cab and Exantus. General may not bring this action against either defendant because both defendants have been released by Paul.
Accordingly, there are no genuine issues of material fact, and the defendants are entitled to judgment as a matter of law. Defendants' motion for summary judgment is granted.