[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 29, 1996
Connecticut Life and Casualty Insurance Company filed a two-count complaint sounding in negligence against Jonathan Kanter and Lexington Chevrolet, Inc. That complaint finds its genesis in an automobile accident in which Kanter struck the vehicle driven by the plaintiffs insured, Karen Calo. It alleges that the plaintiff has paid its insured's damages and thus has become subrogated to Calo's rights of recovery.
The defendants have denied all of the allegations and have interposed the special defense of Calo's contributory negligence. Subsequently, on March 25, 1996, the defendants filed an "apportionment complaint" against Calo, Connecticut Life's insured, seeking "[a] determination by the fact finder of a percentage of liability, if any, attributable to the apportionment defendant, Karen Calo." CT Page 5185
Connecticut Life has moved to strike the apportionment complaint as improper in this action because the defendants have already raised a special defense of equivalent effect. The defendants have objected to the motion, arguing that the apportionment complaint is necessary to fully resolve all issues in this case.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" (Citations omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15. In considering "a motion to strike . . . [the court must] take the facts alleged in the complaint and construe them in a manner most favorable to the pleader . . . This includes the facts necessarily implied and fairly provable under the allegations . . . It does not include, however, the legal conclusion or opinions stated in the complaint." (Citations omitted: internal quotation marks omitted.) Forbes v. Ballaro,31 Conn. App. 235, 238-39.[1]
Perhaps a brief description of the three major principles raised in the present dispute — subrogation, contributory negligence and apportionment — will facilitate resolution of the motion and associated objection. Subrogation is "the machinery by which the equity of one man is worked out through the legal rights of another." Hartford Accident Indemnity Co. v. Chung,37 Conn. Sup. 587, 594, quoting Ballentine's Law Dictionary (3d Ed.). The insurer only takes by subrogation the fights of the insured. The rights held by the insurer against the wrongdoer rise no higher than the rights held by the insured against the wrongdoer, because the insurer, as subrogee, stands in the place of the insured and succeeds to whatever rights he may have in the matter. For this reason, any defense that a wrongdoer has against the insured is equally good against the insurer in its capacity as subrogee. Wilkinson v. Boats Unlimited, Inc., 236 Conn. 78,88. Practice Book § 104, entitled "Suit by Real Party in Interest," also ensures the same effect by providing that an action may be brought in all cases in the name of the real party in interest, but any claim or defense may be set up which would have been available had the plaintiff sued in the name of the nominal party in interest. In the present case, the action has been brought in the name of the real party in interest — Karen Calo's insurer. Therefore, any claims or defenses available to the defendants had Calo brought the action in her own name will CT Page 5186 be available against the plaintiff insurer.
The doctrine of contributory negligence, as raised in the defendants' special defense, "is predicated on the settled principle that . . . one cannot recover for a wrong brought about by his own acts . . . Contributory negligence differs from primary negligence, which involves a breach of duty to others, in that contributory negligence involves an undue risk of harm to the actor himself, and might better be described as contributor fault, or contributory misconduct." (Citations omitted, internal quotation marks omitted.) Hoelter v. Mohawk Service, Inc.,170 Conn. 495, 501-02 (including a discussion of lineage of contributory negligence doctrine in Connecticut).
The purpose of an apportionment complaint, pursuant to Public Act 95-111(1)(f), is to "add a person who is or may be liable pursuant to section 52-572h of the general statutes for a proportionate share of the plaintiff's damages as a party to the action." P.A. 52-572h (1)(f). Public Act 95-111 was intended to modify the mechanism by which the defendant may bring into the case another party who the defendant believes is liable, in whole or part, for injuries sustained by the plaintiff. The unstated assumption in this legislation is that the third party would be another tortfeasor, rather than the party on whose behalf the suit was brought. As one of Public Act 95-111 supporters observed when urging the bill's passage: "The original intent of the bill was to provide a defendant with the opportunity to bring in other prospective defendants within a timely fashion. This bill only relates to the ability of the original plaintiff to bring those new defendants as a defendant in the action." 38 H.R. Proc., Pt. 9, 1995 Sess., p. 3273, remarks of Representative Lawlor.
The bill provides inter alia that if the action against the defendant who instituted the apportionment complaint pursuant to subsection (a) of this section is subject to such a defense or bar, the apportionment defendant may plead such a defense or bar to any claim brought by the plaintiff directly against apportionment by the defendant pursuant to subsection (d) of the section. P.A. 95-111(1)(b). This language provides an indication that parties in Calo's position were not intended to be among the parties within the scope of this new law. Based on the quoted passage, if the defendants' apportionment complaint were allowed, Calo would be authorized to raise the statute of limitations against the bringing of her own action as subrogated to her CT Page 5187 insurance company — in essence, asserting the statute of limitations against herself.[2] This contorted result is certainly not what the legislature intended.
This analysis leads to the inescapable conclusion that in a subrogation action, Public Act 95-111 may not be used to apportion blame between the nominal party in interest and the defendant. The defendants in the present case have already asserted the special defense of contributory negligence. This defense is the proper method of asserting that Calo's misconduct contributed to her injuries and, if proven, will reduce the plaintiff's potential award accordingly. The defense of contributory negligence is equally good against the plaintiff insurer and Calo, so the defendants will be able to achieve the same result as sought by bringing the apportionment action.
The motion to strike is, accordingly, granted.
MORAGHAN, J.