[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE MOTION TO OPEN JUDGMENT
In this action for foreclosure of a residential mortgage, the defendant Donna Mauri seeks to open the judgment on the grounds of lack of personal jurisdiction.
This action was returnable to this court on March 19, 1996. The sheriff's return dated March 4, 1996, showed abode service of the writ summons and complaint on the defendants William T. Mauri and Donna Mauri at 95 Sweet Birch Road, Meriden, Connecticut. On March 26, 1996, all defendants were defaulted for failure to appear. On April 1, 1996, the defendant William Mauri appeared pro se, and on May 9, 1996, he was defaulted for failure to CT Page 439 plead. On May 9, 1996, the court entered judgment by strict foreclosure and set law days vesting title in the plaintiff on July 11, 1996. On July 2, 1996, the defendant Donna Mauri filed a Motion to Dismiss on the grounds that she was not properly served. On October 31, 1996, the defendant Donna Mauri filed this Motion to Open Judgment. On November 13, 1996, the court denied the Motion to Dismiss without prejudice, citing Wilkinson v.Boats Unlimited, Inc., 236 Conn. 78 (1996).
The defendant Donna Mauri argues that because service upon her was improper, the Motion to Open should be granted. By affidavits, she avers that at the time of the abode service she resided in Florida. The plaintiff objects to the motion on the grounds that under General Statutes § 49-15 no motion to open can be granted after title vests and that the motion was filed more than four months after the date of judgment.
The Supreme Court has decided the latter issue raised by the plaintiff. In Wilkinson v. Boats Unlimited, Inc., supra,236 Conn. at 83-84, the court held that
 "although §§ 52-212 and 52-212a normally limit the authority to open judgments to a four month period, these statutes do not preclude the opening of a default judgment that is rendered without jurisdiction over a defendant. The prefatory words of § 52-212a establish that the four month limitation only operates `[u]nless otherwise provided by law. . . .' As a matter of law, in the absence of jurisdiction over the parties, a judgment `is void ab initio and is subject to both direct and collateral attack.' Broaca v. Broaca, 181 Conn. 463, 467, 435 A.2d 1016 (1980); Trichilo v. Trichilo, 190 Conn. 774, 777-78, 462 A.2d 1048 (1983). The trial court properly relied upon these principles in its inquiry into the jurisdictional underpinnings of the default judgment."
Based upon this holding, the court finds that it has authority to consider the Motion to Open on its merits. The court was provided no authority nor could it locate any to suggest that this holding does not apply to General Statutes § 49-15. Accordingly, the court considers the defendant's motion on the merits.
By affidavits, the defendant Donna Mauri and the defendant William L. Mauri aver that in September 1995, some six months prior to the abode service, the defendant Donna Mauri moved her CT Page 440 permanent residence to Florida. The plaintiff presented no testimony or evidence rebutting these statements. Based upon those affidavits and the sheriff's return, the court finds that the plaintiff did not comply with the statutory requirements for personal jurisdiction over the defendant Donna Mauri. Since this defendant no longer resided at the Meriden address in March 1996, the plaintiff's use of General Statutes § 52-57 to serve her by abode service did not result in personal jurisdiction over Donna Mauri. Without personal jurisdiction, the judgment is "void ab initio."
The Motion is granted and the judgment is set aside as to defendant Donna Mauri.
DiPentima, J.