[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
These consolidated matters arise out of the purported foreclosure of property known as 50-52 Colonial Street in Hartford. The first case is an action to quiet title, and attacks the validity of a judgment of foreclosure entered in this court in Docket No. 92-0514589.
The second captioned case seeks to recover under an insurance CT Page 9605 policy for vandalism losses sustained on the property in Docket No. 95-0470162.
The parties have stipulated that if the foreclosure is a valid judgment, the n the defendant in the second action. Farmington Casualty Company (Farmington), has a good defense to the vandalism claim If, however, the judgment of foreclosure is invalid, the company would be liable for the loss sustained by the plaintiff, Victoria Shelto.
A brief factual explanation of the reason for this agreement is necessary at this point.
The foreclosure action was initially instituted by the First Constitution Bank against the plaintiff, Victoria Shelto, and subsequent encumbrancers, Victoria Shelto did not appear in the action. It was withdrawn on September 2, 1992 On February 19, 1992, First Constitution Bank assigned the mortgage to TZ, Inc., which then proceeded to judgment despite the, existence of the withdrawal, perhaps ignored by or more likely unknown to the court. Nothing was ever done by any party to restore the case or reopen the judgment.
Since the defendant, Farmington's police was issued to Victoria Shelto, it relies on the judgment as establishing title in TZ, Inc., which is uninsured.
Consequently, the issue before this court is whether or not the judgment of foreclosure entered in this court is valid as claimed by Farmington or void as claimed by Victoria Shelto, i.e. what is the effect of the withdrawal on the judgement?
A lawsuit may be withdrawn at any time before the commencement of a hearing on the merits. General Statutes §52-80.
"When a case has been withdrawn, although the case has not gone entirely beyond the jurisdiction of the court to act in, the court is without jurisdiction to act in the case unless it has been first restored to the docket pursuant to a motion, the parties have stipulated to its restoration, or there has been a waiver, express or implied, of any objection to the court acting in the case (citations omitted)." CFM of Connecticut, Inc.v. Chowdhury, 239 Conn. 375. 389 (1996); citing Lusasv. St. Patrick's Roman Catholic Church Corp. , 123, Conn. CT Page 9606 166, 170-172 (1937).
The situation as regards the jurisdiction of the court to proceed further in the matter after an action has been voluntarily, withdrawn is strictly analogous to that presented after the rendition of a final judgment or the erasure of a case from the docket. The court, unless it is restored to the docket, cannot proceed with it further but, the action still being in court, it has not gone beyond the jurisdiction of the court to act in it. Thus if the parties should stipulate that despite the withdrawal. the case should continue on the docket, or if it should be restored on motion of the plaintiff and the defendant should thereafter expressly or be implication waive any claim of lack of jurisdiction, the court could properly proceed with it. Citations omitted." Lusas v. St. Patrick's Roman Catholic Church Corp., supra, 170.
Farmington has raised several defenses to the plaintiff's claim.
The first claim is that a collateral attack by the plaintiff is improper is easily disposed of, In Wilkinson v. BoatsUnlimited, Inc., 236 Conn. 78, 83-84(1996), the Supreme Court specifically, held that . . . in the absence of jurisdiction over the parties. a judgment "is void ab initio and is subject to both direct and collateral attack".
The defendant also cites General Statutes §§ 52-5212 and 52-5212a which deprive the court of jurisdiction to act four months after judgment has passed. Wilkinson, supra 83-84. specifically held that this section does not apply when the court entered judgment without jurisdiction. Farmington also claims the judgment must stand because the law days set by the court have passed pursuant to the General Statutes § 49-15
(court loses jurisdiction). This argument is, of course, equally unpersuasive in this case, if the court was without jurisdiction to enter the judgment. Wilkinson, supra, 83-84.
Farmington's main defense, however, is that the plaintiff. Shelto, either expressly or impliedly waived the lack of jurisdiction of the court. This claim is based on the following facts:
On or before June 4, 1993. Shelto had actual knowledge of the foreclosure although she did not appear in the action. TZ, Inc., of which Shelto is president. participated in TZ's foreclosure of CT Page 9607 the premises on the withdrawn case. TZ, Inc., acquired the mortgage from First Constitution Bank.
The defendant Farmington's claims are all based on actions by Shelto and TZ, Inc., which occurred at or after the entry of the foreclosure judgment. It is not alleged that the court ever granted a motion to reopen or that one was even filed. It would indeed be torturing the words of the statute to find any waiver herein which would permit a reopening without the court acting. Indeed, there is no evidence that when the court entered judgment, anyone, including the court, was aware that the case had been withdrawn. How could someone waive jurisdiction when they were unaware that the court had lost it?
The court was without power to render the judgment because it lacked jurisdiction. Everything done under the judicial process of courts not having jurisdiction is ipso, facto, void.Chrysler Credit Corp. v. Fairfield Chrysler-Plymouth,Inc., 180 Conn. 223, 229 (1980). In such cases it is void. has no authority and may be impeached. Krueger v.Krueger, 179 Conn. 488, 493 1980). O'Leary v. WaterburyTitle Co., 117 Conn. 39, 43 (1933).
It also appears that before such a case can be restored an antecedent motion is required. CFM ofConnecticut. Inc., v. Chowhury, supra, 389; Lusas v.St. Patrick's Roman Catholic Church Corp. , supra, 170. No such motion was ever filed in this case. For the above reasons. the court finds for the plaintiff in both actions.
The matter shall be set down for a hearing as to the damages incurred.
Freed, J.