[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO OPEN/SET ASIDE JUDGMENT #115
The issue before the court is whether the judgment of strict foreclosure and the deficiency judgment against the defendant Lisa Osterberg should be opened and set aside as to her because the court lacked personal jurisdiction over her.
"The fact that judgment entered against the defendant based on his failure to appear does not prevent him from moving to open the judgment and raising the issue of lack of personal jurisdiction. Where a person is not properly served with process he or she does not have the status of a party to the proceeding. . . . In such a situation, [the] court has no jurisdiction over persons who have not been made parties to the action, and the court may properly open judgment based on its inherent power to open a judgment rendered without jurisdiction. . . . The court may open a judgment rendered without jurisdiction at any time." (Citations omitted; internal quotation marks omitted.) Focus Realty v. Hampford, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 298057 (September 28, 1994, Maiocco, J.). "A motion to open a judgment of strict foreclosure is addressed to the discretion of the trial court. . . . Thus, [t]he determination of what equity CT Page 1435 requires in a particular case, the balancing of the equities is a matter for the discretion of the trial court." (Citation omitted; internal quotation marks omitted.) Centerbank v. Connell,29 Conn. App. 508, 510, 616 A.2d 282 (1992).
The defendant, Lisa Osterberg, now known as Lisa Sanzo, argues that the judgment of strict foreclosure and the deficiency judgment rendered against her are void ab initio because she was not served with process at her usual place of abode as required by General Statutes § 52-57(a).[1] In support of her argument, the defendant contends that the evidence she presented establishes that 175 Eckart Street was not; and never was, her usual place of abode.
The plaintiff, Federal National Mortgage Association, argues that the defendant has failed to establish that 175 Eckart Street was not her usual place of abode at the time of service. The plaintiff further argues that the judgment cannot be opened because General Statutes § 49-15[2] precludes a judgment from being opened after title becomes absolute in an encumbrancer. In response, the defendant argues that the section limiting the opening of judgments is inapplicable to the present case because the judgments rendered by the court in this case are void a initio for lack of personal jurisdiction.
In Wilkinson v. Boats Unlimited, 236 Conn. 78, 83,670 A.2d 1296 (1996), the court addressed the issue of whether General Statutes §§ 55-212 and 55-212a limit the authority of the courts to open judgments after the four month period provided by those sections has expired. The court stated: "Although §§52-212 and 52-212a normally limit the authority to open judgments to a four month period, these statutes do not preclude the opening of a default judgment that is rendered without jurisdiction over a defendant. The prefatory words of §52-212a establish that the four month limitation only operates [u]nless otherwise provided by law. . . . As a matter of law, inthe absence of jurisdiction over the parties, a judgment is "voidab initio and is subject to both direct and collateral attack." (Emphasis added; internal quotation marks omitted.) Id. Based upon the Wilkinson case, the court can reopen a judgment of foreclosure after title has vested in an encumbrancer because the judgment was made without personal jurisdiction over the defendant. The plaintiff's reliance on § 49-15 is inapposite. See Centerbank v. Mauri, Superior Court, judicial district of New Haven at Meriden, Docket No. 252134 (January 9, 1997, DiPentima,CT Page 1436J.) (granting motion to reopen and set aside judgment of foreclosure based upon lack of personal jurisdiction); cf. FirstFederal Savings and Loan Association of Rochester v. Goss, Superior Court, judicial district of Stamford, Docket No. 125615 (April 11, 1996, Stevens, J.) (17 Conn. L. Rptr. 62) (granting motion to reopen judgment based on the court's inherent power to open a judgment rendered without jurisdiction).
In New Milford Savings Bank v. Jajer, 244 Conn. 251, 257,708 A.2d 1378 (1998), the Connecticut Supreme Court stated: "The equitable nature of foreclosure proceedings persuades us that § 49-15 does not preclude the trial court from exercising its discretion to open the judgment of strict foreclosure. . . ." Further, the court stated that "[t]he trial court has the authority to determine the scope of the initial foreclosure judgment, and, therefore, whether the foreclosure judgment properly may be opened under § 49-15." Id. The court analyzed the probable legislative intent of the act and stated "as best we can determine, the legislature's purpose in enacting § 49-15
was not to preclude amendment to correct scrivener's errors, but rather to set out an orderly framework for a mortgagee's exercise of the equity of redemption." Id., 258. Finally, the court concluded that "[consistent] with its authority to exercise its equitable discretion in foreclosure proceedings, the trial court must be afforded the authority to open judgments on a case-by-case basis in order that complete justice may be done." (Internal quotation marks omitted.) Id., 261. Thus, this court concludes that based upon the holding in Jajer, there is no hard and fast rule under General Statutes § 49-15 that automatically precludes the court from opening a judgment of foreclosure after title has become absolute in an encumbrancer.
The court file, the sworn affidavit of the defendant, Lisa Sanzo, formerly Lisa Osterberg, her testimony before this court on November 23, 1998 and the twelve exhibits she presented, reveal the following facts.
In 1988, Lisa Osterberg was engaged to marry Lawrence i Ciambriello. On April 28, 1988 they purchased and mortgaged to City Trust Bank the property at 175 Eckart, Bridgeport, Connecticut, which is the subject property of this foreclosure action. On April 28, 1988, Lawrence Ciambriello signed a hold harmless agreement wherein "Lawrence Ciambriello agreed to hold Lisa Osterberg harmless and indemnify her from any liability whatsoever concerning a mortgage from City Trust dated April 28, CT Page 1437 1988, pertaining to property at 175 Eckart Street, Bridgeport, Connecticut," which is the subject of this foreclosure action.
At or about this time the engagement of Lisa Osterberg and Lawrence Ciambriello was broken and she testified that from April 28, 1988 to date she has never spent one night at 175 Eckart Street, Bridgeport, Connecticut, never paid any money toward expenses or upkeep of said premises and never received any income from same or received mail at said premises.
Residents of the subject premises on the date the foreclosure complaint was left by abode service at 175 Eckart Street, Bridgeport, Connecticut were Anette Guerra who is Lawrence Ciambriello's sister and her husband, John Guerra. She further alleges that in May, 1991, she married Anthony Sanzo and has resided since 1992 with him and their two children, born October 18, 1995 and August 11, 1997, at 109 Josies Ring Road, Monroe, Connecticut. She further denied ever seeing the sheriff whose September 18, 1997 Military affidavit stated that he had a personal conversation with her on September 17, 1997 and verified that Lisa Osterberg, Anette Guerra and John Guerra were not in the military service. The sheriff testified that he couldn't recall the military affidavit and had no recollection whatsoever of the incident.
The defendant, Lisa Osterberg, further stated under oath that the residents of 175 Eckart Street never forwarded mail to her or discussed with her any aspect of the foreclosure action and that she never received any notice, information or documents concerning the foreclosure action from the residents of 175 Eckart Street, Bridgeport, Connecticut, or anybody else, until she received a letter and telephone call in September, 1998, from a "debt collector" seeking payment on the deficiency judgment.
The testimony of Lisa Osterberg, now Lisa Sanzo, was most credible. The plaintiff failed to controvert same or produce any credible evidence to controvert same.
The twelve exhibits presented by the defendant corroborate her testimony that she did not use 175 Eckart Street as her address at least for the period of time between 1990-1998. Thus, the defendant has shown that 175 Eckart Street was not her usual place of abode at the time the sheriff made service of process in the present case. The sheriff who made the abode service in this matter could only relate to the court what he usually did in CT Page 1438 making abode service. In this case, however, "he had no recollection whatsoever, absolutely no recollection."
Based upon all of the evidence presented in this matter the court finds that the defendant was not served in accordance with General Statutes § 52-57(a). Accordingly, the judgment of strict foreclosure and the deficiency judgment are void ab initio as against the defendant Lisa Osterberg because those judgments were renedered without service on her.[3]
Based upon the foregoing, the court grants the defendant's motion to set aside the judgments of strict foreclosure and the deficiency judgment as against the defendant Lisa Osterberg because both judgments were rendered by the court without legal service over her.
_________________ BALLEN, J.