[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
United Healthcare, Inc. (hereafter "United Healthcare") the administrator for the health insurance plan which covers the plaintiff and which paid a substantial portion of the plaintiffs medical bills at issue in the underlying personal injury action, has filed a motion seeking to intervene as a party in the pending personal injury action. The defendants oppose United Healthcare's motion to intervene as a party. The subject request to intervene raises the issue of the desirability of allowing a health insurer to intervene in a personal injury action filed by its insured.
In this personal injury action, the plaintiff Glenn Faires alleges that he was seriously injured when he fell off an extension ladder while cleaning the gutters of the home of the defendants Alphonse and Elizabeth Pageau. The plaintiffs, Glenn Faires and his wife, Michelle Faires, commenced this action to recover damages against the defendant homeowners and the defendant manufacturer of the extension ladder. The health insurance plan administered by United Health covers the plaintiff Glenn Faires and has paid on his behalf $121,264.21 of the $145,553.54 in medical expenses that he has incurred to date. United Healthcare seeks to intervene in this action to protect CT Page 14226 its right to subrogation and obtain reimbursement for the payment of plaintiff Glenn Faires' medical expenses.
Intervention as a party may be sought under our rules of practice either as of right or with the permission of the court. Practice Book sec. 9-18. See also Washington Trust Company v.Smith, 241 Conn. 734, 739-740 (1997). The motion for third party intervention filed by United Healthcare asks for the court's permission to intervene as a party and does not assert a right to be awarded intervention in this matter. Therefore, it is necessary to determine whether the proposed intervenor should be granted party status under permissive intervention.
Practice Book sec. 9-18 authorizes the court to allow a person to intervene as a party "if a complete determination cannot be had without the presence of other parties." The court in determining whether to grant a request for permissive intervention should consider several factors: the timeliness of the intervention, the proposed intervenor's interest in the controversy, the adequacy of representation of such interests by other parties, the delay in the proceedings or other prejudice to the existing parties the intervention may cause, and the necessity for or value of the intervention in resolving the controversy. In Re Baby Girl B., 224 Conn. 263, 277 (1992). A review of these factors indicates that permission to intervene should not be granted to United Healthcare in this case.
The timing of the filing of the motion to intervene by the proposed intervenor is not an important consideration in this matter. Although the motion to intervene was filed more than two years after the filing of the complaint, a granting of the motion would not cause a delay in these proceedings. The case has been claimed for the jury list and no trial date has yet been set.
An assessment of the various interests involved counsels against intervention. United Healthcare asks permission to intervene in this action to protect its rights to subrogation and reimbursement of its medical expense payments on behalf of plaintiff Glenn Faires. The health insurance plan administered by United Health is a self-funded health and welfare plan governed by the Employment Retirement Income and Security Act of 1974,29 U.S.C. § 1001 et seq. (hereafter "ERISA"). Because its health care plan is established pursuant to ERISA, United Healthcare is not prohibited by General Statutes § 52-522c from enforcing its right to subrogation and seeking reimbursement for the CT Page 14227 medical care benefits it paid out on behalf of the plaintiff Glenn Faires.[1] ERISA exempts self-funded ERISA plans from state laws that prohibit subrogation of personal injury claims.FMC Corp. v. Holliday, 498 U.S. 52 (1990.). United Healthcare's right of subrogation simply places it in the shoes of the plaintiff Glenn Faires in seeking payment from the defendants of the medical expenses allegedly incurred as a result of the negligence of the defendants. "Subrogation is a legal fiction through which one who . . . pays the debt of another, is substituted to all the rights and remedies of the other." (Citation omitted.) Home Insurance Co. v. Aetna Life and CasualtyCo., 235 Conn. 185, 196 (1995). See Couch on Insurance 2d (Rev. Ed.) § 61.1 ("Subrogation is the right of the insurer to be put in the position of insured in order to pursue recovery from third parties legally responsible to the insured for a loss paid by the insurer.")
United Healthcare has no greater rights than those possessed and asserted in this action by the plaintiff Glenn Faires, its insured. "The insurer can take nothing by subrogation but the rights of the insured, and is subrogated to only such rights as the insured possesses. The principle has been frequently expressed in the form that the rights of the insurer against the wrongdoer cannot rise higher than the rights of the insured against such wrongdoer, since the insurer as subrogee, in contemplation of law, stands in the place of the insured and succeeds to whatever rights he may have in the matter." (Quotation marks and citation omitted.) Wilkinson v. BoatsUnlimited, 236 Conn. 78, 88 (1996). Since United Healthcare has only such rights as those possessed by the plaintiff Glenn Faires, its presence as a party in this lawsuit is not necessary to resolve the controversy and its intervention will add nothing of value.
United Healthcare in its motion to intervene has not alleged that the plaintiff Glenn Faires will fail or refuse to vigorously pursue his damage claims concerning medical expenses. As a result, there is no reason to believe that Faires cannot adequately represent their shared interest in recovering past medical expenses. Should Faires be successful in obtaining economic damages, United Healthcare is free to pursue reimbursement of the medical expenses that it paid on his behalf from him.
The motion of United Healthcare, Inc. to intervene is denied. CT Page 14228
BY THE COURT
Judge Jon M. Alander