[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE JUDGMENT (107.01) MOTION TO DISMISS (#107.03)
This matter arises out of a default judgment entered against the defendant, Citibank, N.A., in the amount of $44,159.31 plus costs in the amount of $252.20 on January 24, 1996. Subsequently, on December 22, 1999, the defendant filed a motion to set aside judgment and a motion to dismiss on the ground that the court lacks personal jurisdiction over it because the plaintiff, MGA, Inc., did not effectuate service of process on the defendant in accordance with General Statutes § 33-411.[1]
The court lacks personal jurisdiction over the defendant because the CT Page 10516 plaintiff did not serve the defendant with process pursuant to § 33-411. "Where a particular method of serving process is pointed out by statute, that method must be followed. . . . Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." (Citation omitted.) Board of Education v. Local1282, 31 Conn. App. 629, 632, 626 A.2d 1314, cert. granted in part,227 Conn. 909, 632 A.2d 688 (1993). Service on a foreign corporation shall be effective "when an agent . . . has been appointed such corporation's agent for service of process, by serving the same upon such agent. . . . If it appears from the records of the secretary of the state that such corporation has failed to maintain such agent for service . . . service of such process . . . may be made . . . [l]eaving a true and attested copy . . . at the office of the secretary of the state." General Statutes § 33-411. Here, the defendant submitted a certified copy of its appointment of CT Corporation System as its agent for service of process filed with the Secretary of State on June 23, 1995. The plaintiff, however, served the Secretary of State, not CT Corporation System, on July 21, 1995.
"Connecticut General Statutes § 33-411 (a) requires due diligence on the part of the party bringing an action to locate the agent for service of a foreign corporation being served before serving the Secretary of State as agent for service. A statute requiring reasonable diligence to personally serve the defendant within the state before service by publication or on the Secretary of State as agent for service is employed requires pursuit of leads of information reasonably calculated to make personal service possible. In order to establish diligence to discover the party's whereabouts, it is not necessary to establish all possible or conceivable means have been used, but an honest and reasonable effort to find the defendant must generally be disclosed." (Citations omitted; internal quotation marks omitted.) Dickal v. SheltonSavings Bank, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326552 (July 22, 1996, Hauser, J.). Here, the plaintiff submitted affidavits stating that in July of 1995 and in the present, its attorneys could not ascertain the defendant's registered agent from the records of the Secretary of State Office. The affidavits, however, do not establish what efforts its attorneys employed to ascertain whether the defendant had a registered agent for service of process. The plaintiff further argues that the application for certificate of authority contained the name, Citibank, National Association thereby creating confusion. Citibank, National Association, however, appears on the certificate from the Comptroller of the Currency attached to the application, not on the application itself. Additionally, the plaintiff did not submit evidence that confusion exists concerning whether the certificate of authority was for Citibank, National Association or Citibank, N.A. As a result, no evidence exists that the information CT Page 10517 provided by the defendant to the Secretary of State prevented the plaintiff from ascertaining the defendant's registered agent for service.
The plaintiff did not serve the defendant's registered agent in accordance with § 33-411. Moreover, the plaintiff has not demonstrated that despite a diligent search, it was unable to ascertain the defendant's registered agent. Accordingly, the court lacks personal jurisdiction over the defendant because the plaintiff did not serve process in accordance with § 33-411. See Madigosky v. Baxter HealthCare, Superior Court, judicial district of Waterbury, Docket No. 130936 (May 3, 1996, Pellegrino, J.) (finding no personal jurisdiction "[b]ecause the defendant has named a statutory agent for service, the Secretary of State was not properly served as the corporation's statutory agent.").
The court grants the motion to set aside the judgment because the court lacks personal jurisdiction over the defendant. Pursuant to General Statutes § 52-212, a court may reopen a default judgment upon a showing that the "defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense." "Although §§ 52-212 and 52-212a normally limit the authority to open judgment to a four month period, these statutes do not preclude the opening of a default judgment that is rendered without jurisdiction over a defendant." Wilkinson v. Boats Unlimited, Inc., 236 Conn. 78, 83,670 A.2d 1296 (1996). Here, as previously stated, the court lacks personal jurisdiction over the defendant. Accordingly, the court grants the motion to set aside the judgment.
The court grants the defendant's motion to dismiss on the ground of insufficiency of service of process. "The motion to dismiss shall be used to assert . . . insufficiency of service of process. . . ." Practice Book § 10-31; Zizka v. Water Pollution Control Authority, 195 Conn. 682,687, 490 A.2d 509 (1985). "One who is not served with process does not have the status of a party to the proceeding. . . . A court has no jurisdiction over persons who have not been made parties to the action before it." (Internal quotation marks omitted.) Delio v. Earth GardenFlorist, Inc., 28 Conn. App. 73, 77, 609 A.2d 1057 (1992). Here, as previously stated, the court lacks personal jurisdiction over the defendant because the plaintiff did not serve the defendant with process in accordance with § 33-411. Accordingly, the court grants the defendant's motion to dismiss.
KARAZIN, J.