[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S AMENDED SUPPLEMENTAL MOTION TO OPEN JUDGMENT
INTRODUCTION
This case was returnable on October 27, 1998, and the summons and CT Page 2587 complaint were filed in the clerk's office on October 26, 1998. On November 4, 1998, default was entered against the defendant for failure to appear, and on January 20, 1999, judgment was entered against the defendant on that default. On September 18, 2000, the defendant appeared by counsel and moved to open the judgment on the ground, inter alia, that, at the election of the defendant, the late return of process denies the court subject matter jurisdiction. The plaintiff opposes the opening of the judgment, primarily on the ground that the motion to open was filed more than four months after judgment was entered. (The plaintiff has also opposed the motion on the ground that it contains no valid reason for its granting. Because the face of the motion sets forth valid reasons for its granting, that ground is rejected.)
DISCUSSION
The motion raises two questions:
 1) Does the late return of a summons and complaint constitute a defect of subject matter jurisdiction? and,
 2) If yes, can such a defect be raised more than four months after judgment was entered?
Subject Matter Jurisdiction
In Rogozinski v. American Food Service Equip. Corp., 211 Conn. 431
(1989), the complaint was returnable on April 26, 1988, the papers were received in the clerk's office on April 21, 1988 and the court held that jurisdiction was voidable and subject to abatement. Accordingly, a late return goes to the court's jurisdiction to hear a case.
Four Months
In Wilkinson v. Boats Unlimited, Inc., 236 Conn. 78 (1996), in approving a jurisdictional attack which was commenced more than four months post-judgment, the court said:
 Although §§ 52-212 and 52-212a normally limit the authority to open judgments to a four month period, these statutes do not preclude the opening of a default judgment that is rendered without jurisdiction over a defendant. The prefatory words of § 52-212a
establish that the four month limitation only operates "[u]nless otherwise provided by law . . . ." As a matter of law, in the absence of jurisdiction over the CT Page 2588 parties, a judgment "is void ab initio and is subject to both direct and collateral attack." . . . The trial court properly relied upon these principles in its inquiry into the jurisdictional underpinnings of the default judgment. (Citations omitted.)
Id, at 83.
CONCLUSION
The defendant has already filed an answer and special defenses, as well as a motion to dismiss. At argument on the motion to open, counsel for the defendant indicated a willingness, if the judgment were to be opened by the court, to litigate the issues between the parties in the context of this case and to waive the jurisdictional matters raised in his motion to dismiss. Accordingly, the judgment is opened, conditioned on the defendant's having waived issues of jurisdiction, and the defendant's answer and special defenses are deed to have been properly filed.
G. Levine, Judge